IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | Case No. 3:04-bk-06325 |
| JOAN BOYD HARDEN, ) | Chapter 7 |
| ) | Judge Harrison |
| Debtor. ) | |
| ) | |
| _____ ) | |
| ) | |
| ERICA R. JOHNSON, TRUSTEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Ad Pro No. _____ |
| ) | |
| JOAN BOYD HARDEN, JOHN ) | |
| MICHAEL GRESHAM, BEVERLY ) | |
| GRESHAM, DARRYL HARVEY, in his ) | |
| capacity as trustee of the 15th Avenue ) | |
| Harvey Trust, and POSSIBLE HEIRS, ) | |
| SUCCESSORS, ASSIGNS OF ) | |
| CONSTANCE GRESHAM (deceased), ) | |
| and PERRY GRESHAM (deceased). ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT FOR DETERMINATION OF OWNERSHIP INTEREST IN REAL PROPERTY AND FOR PARTITION AND SALE OF REAL PROPERTY**

Erica R. Johnson, the Trustee in the above-captioned case, files this action against the above-named Defendants, for the determination of ownership interest in residential real property and to partition and sale the real property located at 1004 15th Avenue South, Nashville, Davidson County, Tennessee 37212 (the "Real Property"), and as for her Complaint, the Trustee would further state:

**PARTIES AND JURISDICTION**

1. The debtor and a defendant herein, Joan Boyd Harden (the "Debtor"), filed for relief under Chapter 7 of the Bankruptcy Code on May 24, 2004 (the "Petition Date"). Trustee Susan Limor was appointed as Chapter 7 Trustee on the Petition Date. The Debtor received a discharge of her

debts on August 31, 2004 and the Debtor's case was closed the same day. The Debtor is a resident of the state of Tennessee may be served with process at 2328 Green Trails Court, Antioch, Tennessee 37013.

2. John Michael Gresham is a defendant ("Defendant J. Gresham") in this matter and, upon information and belief, is the brother of the Debtor. Defendant J. Gresham is a resident of West Virginia and may be served with process at 255 Twelve Mile Road, Princeton, West Virginia 24739.

3. Beverly Gresham is a defendant ("Defendant B. Gresham") in this matter and, upon information and belief, is a niece of the Debtor. Defendant B. Gresham is a resident of Florida and may be served with process at 786 W. 9th Street, Deltona, FL 32725.

4. Defendant Darryl Harvey ("Defendant Harvey"), in his capacity as trustee of the 15th Avenue Harvey Trust, is a defendant in this matter, and upon information and belief is a resident of the state of Tennessee. Defendant Harvey may be served with process at 1401 Edgehill Avenue, Nashville, TN 37212.

5. Defendant J. Gresham, Defendant B. Gresham, and Defendant Harvey may be collectively referred to as the "Defendants."

6. On July 24, 2020, the Debtor filed a *Petition to Quiet Title* with the Chancery Court for Davidson County, Tennessee (Case No. 20-716-I)(the "State Court Complaint").

7. The purpose of the State Court Complaint was to quiet title to the Real Property in the name of the Debtor and Defendant J. Gresham. The Debtor, along with her siblings, inherited a portion of the Real Property following the death of her mother, Mary Savannah Jones, on or around February 13, 1990.

8. Following the filing of the State Court Complaint, the Office of the United States Trustee was alerted to its filing and its relation to the Debtor's previously filed bankruptcy case.

9. The Debtor's statements and scheduled filed on the Petition Date, fail to list any ownership interest or inheritance the Debtor received from her previously deceased mother. The Debtor held an ownership interest in the Real Property on the Petition Date, thus making the ownership interest property of the bankruptcy estate.

10. The Office of the United States Trustee filed a motion to reopen the Debtor's bankruptcy case on September 14, 2020, and that motion to reopen was granted via the *Order Granting U.S. Trustee's Motion to Reopen Chapter 7 Case to Appoint a Trustee in this Case* (Docket No. 19) entered by this Court on October 15, 2020 (the "Reopening Date").

11. Due to the retirement of Ch. 7 Trustee Susan Limor, Trustee Erica Johnson (the "Trustee" or "Plaintiff") was appointed as the Chapter 7 Trustee for the Debtor's re-opened case on the Reopening Date. The Trustee, a resident of Davidson County, Tennessee, was duly appointed as Trustee on the Reopening Date, and is currently serving in that capacity.

12. The Court has jurisdiction in this matter pursuant to 28 U.S.C. §1334.

13. This adversary proceeding constitutes a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (E), (M), and (N).

14. Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

## BACKGROUND & FACTS

15. As stated above, the Debtor's mother, Mary Savannah Jones ("Ms. Jones"), died intestate on or around February 13, 1990. Upon information and belief, Ms. Jones was a widow upon her death, survived by the following next of kin:

    a. Joan Harden (Debtor)

    b. John Michael Gresham (Defendant J. Gresham)

    c. Constance Gresham (deceased – DOD: 11/30/19: , no spouse, no known issue)

    d. Perry Gresham (deceased – DOD: 10/3/03, no spouse, no known issue)

3

Case 3:21-ap-90120    Doc 1    Filed 08/25/21    Entered 08/25/21 08:14:19    Desc Main
Document    Page 3 of 7

16. A fifth child, Dwight Gresham, pre-deceased Ms. Jones. At the time of his death, Dwight Gresham was married to Janet Cassandra Nolan. Dwight Gresham and Janet Cassandra Nolan had no children together. Dwight Gresham had three children (Marilyn Ann Gresham, Beverly Delores Gresham (Defendant B. Gresham), and Dwight Douglas Gresham, Jr.) with a former spouse.

17. Ms. Jones held the Real Property in fee simple at the time of her death.

18. Upon her death, the 100% interest in the Real Property was divided with each of the living heirs (the Debtor, Defendant J. Gresham, Constance Gresham, and Perry Gresham) receiving a 20% interest in the Real Property. Pursuant to Tennessee's intestacy statutes, the remaining 20% was divided evenly among the three children of Dwight Gresham, with each receiving a 6 2/3% interest in the Real Property.

19. Upon the death of Perry Gresham in October, 2003, his interest in the Real Property was divided among his remaining siblings and the children of Dwight Gresham. Each remaining sibling (the Debtor, Defendant J. Gresham, and Constance Gresham) received a 5% interest from the Perry Gresham share, and the children of Dwight Gresham equally shared the 5% interest – each receiving 1 2/3% of an interest.

20. Following the passing of Perry Gresham in October, 2003, the ownership percentages in the Real Property were as follows:

    a. Debtor – 25%

    b. Defendant J. Gresham – 25%

    c. Constance Gresham – 25%

    d. Marilynn Ann Gresham – 8 1/3%

    e. Beverly Delores Gresham – 8 1/3%

    f. Dwight Douglas Gresham, Jr. – 8 1/3%

21. Following the passing of Constance Gresham in 2019, the 25% interest held by Constance Gresham was divided evenly between the Debtor, Defendant J. Gresham, and the children of Dwight Gresham. The Debtor and Defendant J. Gresham each received an additional 8 1/3%, while Marilynn Ann Gresham, Beverly Delores Gresham, and Dwight Douglas Gresham, Jr. each received an additional 2.77% interest.

22. After the distribution of the Constance Gresham interest, the parties held interest in the Real Property as follows:

    a. Debtor – 33 1/3%

    b. Defendant J. Gresham – 33 1/3%

    c. Marilynn Ann Gresham – 11.11%

    d. Beverly Delores Gresham – 11.11%

    e. Dwight Douglas Gresham, Jr. – 11.11%

23. In the summer of 2020, Defendant Harvey allegedly acquired all right, title, and interest of Marilyn Ann Gresham, and Dwight Douglas Gresham, Jr. as heirs to the Real Property. Based on this alleged acquisition, Defendant Harvey holds a 22.22% interest in the Real Property. Defendant Harvey has not acquired the interest of Beverly Delores Gresham.

24. Based upon the Tennessee laws of intestate succession, and upon information and belief, the Debtor currently owns a 33 1/3% interest in the Real Property.

25. Based upon the Tennessee laws of intestate succession, and upon information and belief, Defendant J. Gresham currently owns a 33 1/3% interest in the Real Property.

26. Based upon the Tennessee laws of intestate succession, and upon information and belief, Defendant B. Gresham currently owns a 11.11% interest in the Real Property.

## CONFIRM OWNERSHIP PERCENTAGES AND PARTITION AND SALE OF REAL PROPERTY PURSUANT TO 11 U.S.C. 363(h)

27. The Plaintiff fully restates the allegations of paragraphs 1-26 as if fully stated herein.

28. Based upon the Tennessee laws of intestate succession, and upon information and belief, Defendant Harvey owns a 22.22% interest in the Real Property via his purchase of the interests of heirs Marilyn Ann Gresham and Dwight Douglas Gresham, Jr.

29. This Court has authority to determine and confirm the ownership percentages held by the Debtor and each Defendant pursuant to 11 U.S.C. § 541 and 11 U.S.C. § 101.

30. The Real Property is owned by the Debtor on the one hand, and the remaining defendants on the other hand, as tenants-in-common and is subject to partition and/or sale under Tennessee state law and the provisions of 11 U.S.C. § 363(h).

31. Upon information and belief, there are no liens on the Real Property.

32. Upon information and belief, the Debtor does not live at the Real Property and therefore, has no claim to a homestead exemption in the Property.

33. The Trustee asserts that partition of the Real Property between the Debtor and the other Defendants would be impracticable. The sale of the undivided interest of the Debtor would realize significantly less for the estate than the sale of such property free of the interests of the Defendants.

34. The benefit to the bankruptcy estate for the sale of the Real Property free from the interests of the co-owners will outweigh the detriment, if any, to the co-owners.

35. The Real Property is not used in the production, transmission, or distribution for sale of electric energy or of natural or synthetic gas for heat, light, or power.

36. Accordingly, the Real Property should be sold pursuant to 11 U.S.C. § 363(h), and the proceeds of such sale, following the payment of all costs of sale, shall be distributed to the Debtor's bankruptcy estate and the Defendants based upon the distribution percentages confirmed by this Court.

6

Case 3:21-ap-90120    Doc 1    Filed 08/25/21    Entered 08/25/21 08:14:19    Desc Main
Document    Page 6 of 7

WHEREFORE, the Trustee prays for the entry of an Order determining the ownership interests of the Debtor and the Defendants, and further authorizes the Trustee to (a) sell the Real Property located at 1004 15th Avenue South, Nashville, Davidson County, Tennessee, free and clear of the interest of any of the Defendants; (b) authorize the Trustee to enter into and execute a contract to sell, together with any deed and closing statement, on behalf of the bankruptcy estate and the interests of all Defendants; (c) receive all proceeds from the sale and make all distributions to pay all related closing costs for the transaction, and (d) distribute all remaining net proceeds to the bankruptcy estate of the Debtor and the Defendants based upon each individual's assigned interest in the Real Property. The Trustee also prays for such other further relief as may be just.

Dated this 25th day of August, 2021.

Respectfully Submitted,

/s/ Justin T. Campbell
Justin T. Campbell (Tn. Bar No. 31056)
Thompson Burton PLLC
1801 West End Avenue, Suite 1550
Nashville, TN 37203
Tel:   615.465.6015
Fax:   615.807.3048
Email: justin@thompsonburton.com

Counsel for the Trustee