# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | |
|---|---|
| In re:<br>   JOAN BOYD HARDEN,<br>     Debtor. | Case No. 3:04-bk-06325 |
| ERICA R. JOHNSON, trustee,<br>     Plaintiff,<br>v.<br>JOAN BOYD HARDEN; JOHN MICHAEL GRESHAM; BEVERLY GRESHAM; DARRYL HARVEY, in his capacity as trustee of the 15th AVENUE HARVEY TRUST; and the POSSIBLE HEIRS SUCCESSORS, AND ASSIGNS OF CONSTANCE GRESHAM, deceased, and PERRY GRESHAM, deceased,<br>     Defendants. | Case No. 3:21-ap-90120 |

## ANSWER

Darryl Harvey, in his capacity as trustee of the 15th Avenue Harvey Trust, respectfully states as follows in Answer to the adversarial complaint filed in this matter:

1. The averments contained in the first paragraph are admitted.

2. The averments contained in the second paragraph are admitted.

3. The averments contained in the third paragraph are admitted.

4. The averments contained in the fourth paragraph are admitted, although the Defendant does not reside at 1401 Edgehill.

5. The fifth paragraph does not contain an averment to which a response can be formulated.

6. The averments contained in the sixth paragraph are admitted.

7. The averments contained in the seventh paragraph are admitted.

8. The averments contained in the eighth paragraph are admitted.

9. The averments contained in the ninth paragraph are admitted.

10. The averments contained in the tenth paragraph are admitted.

11. The averments contained in the eleventh paragraph are admitted.

12. The averments contained in the twelfth paragraph are admitted.

13. The averments contained in the thirteenth paragraph are admitted.

14. The averments contained in the fourteenth paragraph are admitted.

## BACKGROUND & FACTS

15. The averments contained in the fifteenth paragraph are admitted.

16. The averments contained in the sixteenth paragraph are admitted.

17. The averments contained in the seventeenth paragraph are admitted.

18. The averments contained in the eighteenth paragraph are admitted on the presumption, and to the extent that, the "three children of Dwight Gresham" averred to have each inherited a $6\,^2/_3\%$ interest are those children identified in paragraph 17.

19. The averments contained in the nineteenth paragraph are admitted on the presumption, and to the extent that, the "three children of Dwight Gresham" averred to have each inherited a $1\,^2/_3\%$ interest are those children identified in paragraph 17.

20. The averments contained in the twentieth paragraph are admitted.

21. The averments contained in the twenty-first paragraph are admitted on the presumption, and to the extent that, the "three children of Dwight Gresham" averred to have each inherited a $2\,{}^7/_9\%$ interest are those children identified in paragraph 17.

22. The averments contained in paragraphs 22(b)–(e) are admitted. The averments contained in paragraph 22(a) are denied. The Debtor held only the $8\,{}^1/_3\%$ interest inherited upon the death of Constance Gresham. The 25% interest she had previously inherited and owned on the petition date remained the property of the Estate.

23. The averments contained in the twenty-third paragraph are admitted.

24. The averments contained in the twenty-fourth paragraph are denied. It is admitted, however, that the Debtor and the Debtor's Estate collectively own a $33\,{}^1/_3\%$ interest in the Real Property.

25. The averments contained in the twenty-fifth paragraph are admitted, upon information and belief.

26. The averments contained in the twenty-sixth paragraph are admitted, upon information and belief.

**CONFIRM OWNERSHIP PERCENTAGES & PARTITION & SALE OF REAL PROPERTY PURSUANT TO 11 U.S.C. § 363(h)**

27. The Defendant incorporates herein his responses to paragraphs 1–26.

28. The averments contained in the twenty-eighth paragraph are admitted.

29. The averments contained in the twenty-ninth paragraph are admitted.

30. The averments contained in the thirtieth paragraph are admitted, with the caveat that the Estate also owns an interest in the Real Property.

31. The averments contained in the thirty-first paragraph are admitted.

32. The averments contained in the thirty-second paragraph are admitted.

33. The averments contained in the thirty-third paragraph are admitted.

34. The averments contained in the thirty-fourth paragraph are admitted.

35. The averments contained in the thirty-fifth paragraph are admitted.

36. The averments contained in the thirty-sixth paragraph are admitted, although any averment that costs and fees of the Estate should be deducted from Mr. Harvey's pro rata share of the proceeds is denied.

37. Any averment not otherwise expressly admitted or denied is denied.

38. The fees and expenses of the Estate, Trustee, and the Trustee's counsel are payable only out of the Estate's pro rata share of the proceeds, not apportionable among all of the owners.

Wherefore, premises considered, the Defendant Darryl Harvey, in his capacity as trustee of the 15th Avenue Harvey Trust, respectfully prays as follows:

A. That the Real Property be sold pursuant to 11 U.S.C. § 363(h);

B. That the Defendant be awarded his reasonable fees, costs, and expenses; and

C. That the Defendant be awarded such other and further relief as is just and equitable under the circumstances.

Respectfully submitted:

s/ Paul J. Krog
Paul J. Krog (BPR No. 29263)
BULSO PLC
155 Franklin Road, Suite 400
Brentwood, TN 37027
615-913-5200
615-913-5150
pkrog@bulso.com

*Attorneys for Darryl Harvey, trustee*

## CERTIFICATE OF SERVICE

I hereby certify that on September 2, 2021, the foregoing document is being filed via the Court's ECF system, which is anticipated to deliver a copy via electronic means to the following:

Justin T. Campbell Esq.
Thompson Burton PLLC
6100 Tower Cir.
Suite 200
Franklin, TN 37067
615-465-6015
615-807-3048
justin@thompsonburton.com
*counsel for the Ch. 7 Trustee*

and entrusted to the care of the United States Postal Service for delivery as first-class U.S. Mail to the following:

| | | |
|---|---|---|
| Ronald K. Nevin Esq. | John Michael Gresham | Beverly Gresham |
| 404 James Robertson Pkwy. | 255 Twelve Mile Rd. | 786 W. 9th St. |
| Ste. 1850 | Princeton, WV 24739 | Deltona, FL 32725 |
| Nashville, TN 37219 | *Pro se* | *Pro se* |
| 615-244-7708 | | |
| 615-244-9685 | | |
| paralegal@ronnevinattorney.com | | |
| *counsel for the debtor* | | |

s/ Paul J. Krog
Paul J. Krog